# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. :

DENISE GURULE

   Plaintiff,

v.

SHORT ELLIOTT HENDRICKSON, INC.,
a Foreign Corporation

   Defendant.

---

## DEFENDANT SHORT ELIOTT HENDRICKSON'S NOTICE OF REMOVAL

---

  TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
     FOR THE DISTRICT OF COLORADO

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Short Elliot Hendrickson ("SEH") removes this action[1] from the Pueblo County District Court, State of Colorado, to the United States District Court for the District of Colorado on the ground that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a).  In support of removal, SEH states as follows:

### Background

  1. Plaintiff Denise Gurule filed the instant action in the District Court, County of Pueblo, State of Colorado, No. 2020CV30522, on December 4, 2020 ("the State Court Action"). Copies of all process, pleadings, orders, and other papers filed with the State Court Action are being submitted herewith, as required by 28 U.S.C. § 1446(a), D.C.COLO.LCivR 81.1, and this

---

[1] *See also* Exhibits A – I attached.

Court's electronic case filing procedures, version 6.1, section IV, subsection 4.4(b) (rev. Mar. 27, 2017).

2.Plaintiff served her Summons and Complaint on SEH on December 11, 2020. (*See* **Exhibit A**, Compl.; **Exhibit B**, Aff. Of Service). The Complaint sets forth three claims for relief against SEH: (1) Violation of the Colorado Lawful Off-Duty Activity Statute, C.R.S. § 24-34-402.5(1); (2) Violation of the Colorado Political Activities Statute, C.R.S. § 8-2-108; and (3) Wrongful Discharge in Violation of Public Policy (*See* **Ex. A**, ¶¶ 141-174).

3.Plaintiff alleges she was terminated from her employment with SEH because of her political activity on her personal LinkedIn page. (*See, generally,* **Ex. A**).

4.Plaintiff's complaint also indicates she has filed a charge of discrimination against SEH with the Colorado Civil Rights Division for discrimination on the basis of sex, religion, and creed under the Colorado Anti-Discrimination Act[2]. (See Ex. A, ¶ 4)

5.Colorado law would have required SEH to respond to Plaintiff's Complaint by January 4, 2020. *See* Colo. R. Civ. P. 12(a)(1). However, SEH was granted an unopposed extension of time to file an answer. (See **Exhibit C**, Order Granting Extension of Time). SEH's deadline to respond to the Complaint has been extended to January 22, 2021.

6.SEH filed an Entry of Appearance in the State Court Action for the undersigned counsel. (See **Exhibit G**, SEH's Entry of Appearance).

7.No other orders have been entered in the State Court Action.

---

[2] Upon information and belief, the charge of discrimination also alleges claims under Title VII of the Civil Rights Act of 1964.

## Grounds for Removal

### I. Removal is timely.

8. This Notice of Removal has been filed within 30 days after SEH accepted service of the Complaint on December 11, 2020. (*See* **Exhibit B**, Aff. of Service). Removal of this action is therefore timely under 28 U.S.C. § 1446(b). *See Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) ("[A] defendant's period for removal will be no less than 30 days from service.").

9. Pursuant to 28 U.S.C. §§ 1332[3](a), 1441, and 1446, the State Court Action may be removed because it is a dispute between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### II. Complete diversity exists in this case.

10. A notice of removal need only plausibly allege facts establishing diversity jurisdiction. *See Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). Extrinsic proof of facts establishing diversity jurisdiction may be required only when the plaintiff challenges or the court questions it. *See id.*; *accord Hertz Corp v. Friend*, 559 U.S. 77, 96-97 (2010).

11. Plaintiff is a citizen of the State of Colorado. (*See* **Ex. A**, Compl., ¶ 7).

12. SEH is a foreign corporation formed under the laws of the State of Minnesota and with its principal place of business in that state. (*See* **Ex. A**, Compl., ¶ 2; **Exhibit D,** Minnesota Business Name History re: Short Elliott Hendrickson, Inc.).

---

[3] Although not yet ripe, if Plaintiff receives a right to sue letter regarding her discrimination allegations and amends to include Title VII claims, this Court will also have original jurisdiction pursuant to 28 U.S.C. § 1331 over such claims.

13. Accordingly, SEH may remove this action on the basis of diversity of citizenship because SEH is not a citizen of Colorado. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

### III. The amount in controversy exceeds $75,000, exclusive of interest and costs.

14. Under 28 U.S.C. §§ 1332(a) and 1446(c)(2), the removing party must show that the amount in controversy exceeds $75,000, exclusive of interest an costs.

15. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 135 S. Ct. at 544. "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*

16. "Only if it is 'legally certain' that the recovery . . . will be less than [$75,000] may the case be dismissed." *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (quoting *Meridian Sec. Ins. Co. v. Sadowski*, 44 F.3d 536, 543 (7th Cir. 2006)).

17. Plaintiffs' Complaint does not quantify the damages Plaintiffs seek to recover. "[A] complaint that does not specify an amount must merely allege facts sufficient to convince the district court that recoverable damages will bear a reasonable relation to the minimum jurisdictional floor." *Mocek v. City of Albuquerque*, 813 F.3d 912, 934 (10th Cir. 2015) (citation omitted). Other papers, such as the Civil Cover Sheet, can be considered support for a removal notice regarding the amount in controversy. *See Paros Props., LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1272-73 (10th Cir. 2016) (concluding that a civil cover sheet filed in Colorado state court with a complaint against an insurer was an "other paper" that provided defendant with adequate notice that the case was removable on diversity grounds). *See also* 28 U.S.C.

§ 1446(b)(3).

18. Plaintiff submitted a Civil Cover Sheet in connection with the state court action indicating Plaintiff is seeking in excess of $100,000 in monetary damages. (*See* **Exhibit E**, Civil Cover Sheet). This cover sheet is a sufficient showing of the amount-in-controversy requirement. *See Paros Props*, 835 F.3d at 1272-73. In light of the foregoing, the amount-in-controversy exceeds $75,000, exclusive of interest and costs.

## Venue

17. Venue is proper in the District of Colorado pursuant to 28 U.S.C. §§ 1391(b)(2) and 1441(a). (*See* **Exhibit A**, Compl. ¶ 5 (alleging events giving rise to Plaintiffs' lawsuit took place in Colorado)).

## Notice of Removal

18. Pursuant to 28 U.S.C. § 1446(a), the filing of a copy of this Notice of Removal with the clerk of the state court in Colorado effects the removal of the State Court Action. A copy of the notice of filing of notice of removal filed contemporaneously in the State Court Action is attached as **Exhibit F.**

## No Waiver

19. No waiver and no admission of fact, law, or liability – including, without limitation, the amount of damages (if any) – is intended by this Notice of Removal, and all defenses, affirmative defenses, and rights are reserved, including the right to enforce agreements to arbitrate.

## Conclusion

For the reasons set forth above, SEH removes this action to the United States District Court for the District of Colorado.

Respectfully submitted this 11th day of January, 2021.

          GORDON REES
          SCULLY MANSUKHANI, LLP


          */s/ Anna M. Reinert*
          Anna M. Reinert
          Hannah E. Engle
          555 Seventeenth Street, Suite 3400
          Denver, Colorado 80202
          Telephone: (303) 534-5160
          areinert@grsm.com
          hengle@grsm.com

          *Attorneys for Defendant Short Elliott Hendrickson, Inc,*

## CERTIFICATE OF SERVICE

I certify that on this 11th day of January, 2021, a copy of the foregoing **DEFENDANT SHORT ELIOTT HENDRICKSON'S NOTICE OF REMOVAL** was electronically filed with the Clerk of the United States District Court using the CM/ECF system which will send notification of such to the following:

Gary M. Kramer, #41017
Gary Kramer Law, LLC
1465 Kelly Johnson Blvd, Suite 210
Colorado Springs, CO 80920
Telephone: 719-694-2783
gary@garykramerlaw.com

*Attorney for Plaintiff Denise M. Gurule*


                                            */s/ Ya Bratcher*
                                            For Gordon Rees Scully Mansukhani LLP